**Maria LUEVANO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–73762.**

United States Court of Appeals, Ninth Circuit.

Submitted June 25, 2014.*

Filed June 26, 2014.

Maria Luevano, pro se.

Oil, Michelle Gorden Latour, Esquire, Assistant Director, Norah Ascoli Schwarz, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

## MEMORANDUM **

Maria Luevano, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of CAT relief because Luevano failed to establish that it is more likely than not she will be tortured by or with the consent or acquiescence of a government official if she returns to Mexico. *See id.* at 1188.

We lack jurisdiction to consider Luevano's contentions regarding changed circumstances, asylum, and her conviction, because she did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (court lacks jurisdiction to consider issues that have not been administratively exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).